UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RONALD DWAYNE WHITFIELD, § § Plaintiff, § VS. § TEXAS DEPARTMENT OF CRIMINAL § JUSTICE - INSTITUTIONAL DIVISION, *et* § *al*, § § Defendants. § | CASE NO. 2:06-MC-41 |

## ORDER

On July 18, 2006, Whitfield's motion to file a civil rights action was denied. (D.E. 8). On November 3, 2006, his appeal was dismissed for want of prosecution. (D.E. 12). Over eight years later, on May 27, 2015, Whitfield filed the pending Motion for Rehearing of the Final Judgment claiming, without citing any valid authority, that the judgment was void and he is no longer barred from proceeding as a pauper because he is no longer in prison. (D.E. 13).

Whitfield's history as an abusive and frequently sanctioned litigant barred from filing actions by the PLRA's three strikes provision, 28 U.S.C. § 1915(g), is well documented in this Court and other federal courts in PACER, the electronic filing database, and on the three strikes list maintained by the Clerk of the Eastern District of Texas, and will not be repeated here at length. In *Whitfield v. Cockrell*, No. 4:02-cv-4218, United States District Judge Sim Lake barred Whitfield from filing *any* further pleadings in this *or any other civil action* unless he obtained advance written permission from a United States District or

Magistrate Judge or Court of Appeals Judge before filing any pleading. The Clerk was directed to return all future submissions to Whitfield in an envelope marked "<u>FRIVOLOUS FILER, RETURN TO SENDER</u>." A $100.00 sanction was imposed by the Fifth Circuit in *In re Whitfield*, No. 97-00454 (5th Cir. Oct. 30, 1997), a $200.00 sanction was imposed in *Whitfield v. Johnson*, No. 2:97-cv-3148 (S.D. Tex. Apr. 22, 1999), a $750.00 sanction was imposed in *Whitfield v. Johnson*, No. 4:94-cv-2767 (S.D. Tex. March 5, 2011), and a $200.00 sanction was imposed in *Whitfield v. Ott*, No. 4:00-cv-2367 (S.D. Tex. July 17, 2001), just to name a few. Further, the presiding District Judge in the instant matter imposed a $100.00 sanction in a separate case and barred Whitfield from filing any non-criminal actions in this Court until such fine is paid in full. *See In re Whitfield*, No. 2:08-mc-21 (S.D. Tex. March 13, 2008). According to the Clerk of Court, none of the sanctions has been paid.

The Fifth Circuit has held that a district court may enforce the sanction order of another district court. *Balawaider v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999). Whitfield failed to seek or obtain permission to file his pleading and failed to pay the sanctions imposed. Accordingly, the Clerk shall **STRIKE** Whitfield's pleading (D.E. 13) from the record, and it will not be considered. The Clerk is **directed** to return all future submissions by Whitfield in this case to Whitfield in an envelope marked "<u>FRIVOLOUS FILER, RETURN TO SENDER</u>" until his sanctions have been paid in full.

ORDERED this 24th day of June, 2015.

                                                             Jason B. Libby
                                          United States Magistrate Judge